UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | |
|---|---|
| MARYLAND CONGRESS OF PARENTS ) | |
| AND TEACHERS, INC., ) | |
| Plaintiff ) | |
| ) | **Case No. 1:20-cv-02875** |
| v. ) | |
| ) | |
| NATIONAL CONGRESS OF PARENTS ) | |
| AND TEACHERS, INC., ) | |
| Defendant. ) | |

### PLAINTIFF'S RESPONSE TO MOTION TO DISSOLVE TEMPORARY RESTRAINING ORDER AND MEMORANDUM OF LAW

Plaintiff Maryland Congress of Parents and Teachers, Inc., by and through counsel, submit this Response to Defendant's Motion to Dissolve Temporary Restraining Order.  Based on the accompanying Memorandum of Law, Defendant's Motion to Dissolve should be DENIED.

### BACKGROUND

This state law tortious interference and breach of contract matter was initiated in the Circuit Court for Anne Arundel County, Maryland, against Defendant on September 3, 2020.  The complaint and supporting documents were properly served on Defendant on September 15, 2020.  Defendant's counsel entered an appearance in State Court on or about September 21, 2020.  The State court served Defendant with a Scheduling Order on September 28, 2020, and Defendant removed this case to this Court on diversity grounds on October 3, 2020.

Prior to the filing of this action, Defendant, in March of 2020, initiated an investigation concerning "multiple allegations" related to members of Plaintiff's Executive Board.  Plaintiff retained undersigned to assist with its compliance in the investigation. Defendant, with notice that Plaintiff was represented, sent several e-mail correspondences, through September 17, 2020, to

members of Plaintiff's Board of Directors insinuating future punitive measures if they failed to comply with Defendant's requests.

On September 8, 2020, Plaintiff sought, from the Circuit Court for Anne Arundel County, a Temporary Restraining Order (Case No. C-02-CV-20-001691). On or about September 15, 2020, Defendant notified Plaintiff's Board of Directors the Plaintiff had "until 5:00 PM Eastern on Friday, September 18, 2020, to confirm to soa@pta.org in writing the willingness to comply with the Restructuring Phase requirements, or National PTA will have no other choice than to revoke Maryland PTA's charter." See Exhibit A. Defendant was served with the initial pleadings and motions in this case on the same day.

On September 17, 2020, at 4:30 PM, the Circuit Court for Anne Arundel County issued a Temporary Restraining Order (TRO) after considering Plaintiff's request and finding that Plaintiff would suffer irreparable harm based on the Defendant deciding when and how an affiliate can be restructured without due process being afforded and the autonomy of Plaintiff being compromised. The TRO enjoined Defendant from taking any action in furtherance of restructuring Plaintiff's association until a full hearing could be held. The TRO is set to expire on October 22, 2020. See Exhibit B.

## **LEGAL ANALYSIS**

The parties are currently subject to a TRO issued by the State court prior to the removal of the case to this Court. Under Maryland law, a temporary restraining order is "an injunction granted without opportunity for a full adversary hearing on the propriety of its issuance." Md. R. Spec. P. 15-501. A Maryland court may grant a temporary restraining order upon the terms and conditions justice may require, at any stage of an action and at the request of any party or on its own initiative. Md. R. Spec. P. 15-502. In accordance with Md. R. Spec. Proc. 15-504(a), a temporary restraining

order may be granted if it clearly appears from the facts shown that immediate, substantial, and irreparable harm will result to the person seeking the order before a full adversary hearing can be held on the propriety of a preliminary or final injunction.

Under 28 USC § 1450, all injunctions, orders, and other proceedings had in a state court action prior to its removal remain in full force and effect until dissolved or modified by the district court. "After removal, the district court 'takes the case up where the State court left it off.'" *Granny Goose Foods v. Bhd. Of Teamsters & Auto Truck Drivers*, 415 US 423, 436, (1974) (quoting *Duncan v. Gegan*, 101 US 810, 812 (1879)). Additionally, a temporary restraining order entered prior to removal remains in effect and is governed by Fed. R. Civ. P. 65 from the date of removal. *Granny Goose*, 415 US at 438-440. Accordingly, the legitimacy of the TRO in this case cannot be judged using the federal standard. The federal statute requires this Court to accept the TRO as properly issued under State law prior to the removal.

### **CONCLUSION**

Defendant chose to remove this case to federal Court in lieu of challenging the TRO in State court. Plaintiff believes it is patently bad faith for Defendant to now argue the TRO was not issued in accordance with federal law. To dissolve the TRO based on Defendant's argument would be unfair to and place Plaintiff in a perilous predicament that could result in irreparable harm to its autonomy and association. Plaintiff requests and respectfully demands protection in all fairness until outstanding jurisdictional questions and a full hearing on the merits of its verified complaint. Additionally, pursuant to 28 USC § 1446(c), this Court should order Defendant to pay the costs and reasonable attorneys' fees Plaintiff has incurred responding to Defendant's motion.

WHEREFORE, Plaintiff requests this Court DENY Defendant's Motion to Dissolve and award any further relief deemed appropriate.

        Respectfully Submitted,


By:    <u>/s/ Charles T. Tucker Jr.        </u>
        Charles Tucker, Jr. (80826001)
        Tucker Moore Law Group
        Senior Partner
        8181 Professional Place, STE 207
        Hyattsville, Maryland 20785
        Direct: 301-577-1175
        charles@tuckerlawgroupllp.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY on this 23rd day of October 2020, a copy of Plaintiff's Response to Defendant's Motion to Dissolve Temporary Restraining Order and Supporting Memorandum of Law was electronically transmitted to Counsel for Defendant, National Congress of Parents and Teachers, Inc.

Eric Matthew Rigatuso
Eccleston and Wolf PC
Baltimore Washington Law Center
7240 Parkway Dr Fourth Fl
Hanover, MD 21076

                                                                                     */s/ Charles T. Tucker Jr*.
                                                                                     Charles T. Tucker Jr.

**ORDER**

This matter is before the Court on Defendant's Motion to Dissolve Temporary Restraining Order.  Upon consideration of the Motion and the entire record herein, the Court finds the Temporary Restraining Order issued by the Circuit Court for Anne Arundel County, Maryland was properly issued.  Accordingly, Defendant's Motion is ***DENIED.***

SO ORDERED.

_____<br>Judge

Copies to:
The parties