UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | |
|---|---|
| **MARYLAND CONGRESS OF PARENTS AND TEACHERS, INC.,**<br><br>Plaintiff<br><br>v.<br><br>**NATIONAL CONGRESS OF PARENTS AND TEACHERS, INC.,**<br><br>Defendant | Case No. 1:20-cv-02875-CCB |

## DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISSOLVE TEMPORARY RESTRAINING ORDER

Defendant National Congress of Parents and Teachers, Inc. ("National PTA"), by and through undersigned counsel, submits this Reply to Plaintiff's Opposition to Motion to Dissolve Temporary Restraining Order. As set forth in National PTA's Motion and argued further below, pursuant to Federal Rule of Civil Procedure 65, Plaintiff Maryland Congress of Parents and Teachers, Inc.'s ("Maryland PTA") failure to satisfy the standard for imposing the extraordinary remedy of a temporary restraining order ("TRO") warrants dissolution of the TRO entered by the State Court and extended by this Court pending a hearing.

## INTRODUCTION

Maryland PTA's response to the Motion to Dissolve TRO is notable for what it does *not* argue. Maryland PTA does not present any argument in favor of three of the four factors *required* to maintain a TRO or preliminary injunction. Maryland PTA argues only that it will suffer irreparable harm in the absence of an injunction, and it does so in conclusory fashion, without

reference to any support for its position. On that basis alone, the Court has not been presented with grounds sufficient for maintaining an injunction. Rather, as argued in National PTA's Motion and this Reply, it is clear that under controlling federal law, there are no grounds for the extraordinary remedy of injunctive relief, and the existing injunction must be dissolved so that National PTA can exercise its contractual rights pending resolution of the litigation.

## STANDARD OF REVIEW

As set forth in National PTA's Motion, once a case is removed to federal court, orders entered in the state court remain in effect as entered, but federal law governs their dissolution or modification. *Granny Goose Foods v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 436–37 (1974). Since the instant Motion was filed, this Court extended the TRO entered by the State Court to allow for decisions as to the motions pending before the Court. In federal court, TROs are governed by Federal Rule of Civil Procedure 65(b). Thus, contrary to what Maryland PTA appears to argue regarding use of state rules of civil procedure in federal court,[1] the injunction is now entirely controlled by federal law. *E.g.*, *Silverman Thompson Slutkin & White LLC v. Supermedia LLC*, 2010 U.S. Dist. LEXIS 4613, *4 (D. Md. 2010) (evaluating dissolution of injunction entered in state court using federal law).

Under federal law, it is Maryland PTA's burden to establish four factors. "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008).

---

[1] Plaintiff argues both that "a temporary restraining order entered prior to removal . . . is governed by Fed. R. Civ. P. 65 from the date of removal" and that "the legitimacy of the TRO in this case cannot be judged using the federal standard." Opposition at 3.

## ARGUMENT

As set forth in National PTA's Motion, each of the four factors favors National PTA. The most important factor, likelihood of success on the merits, also weighs most heavily. One of Maryland PTA's two claims is impermissible under Maryland law and the other is unsupported even at the preliminary stage of this case. Maryland PTA's vague assertions of denial of due process in a private contract are not sufficient to establish likelihood of success on the merits, particularly in the face of the plain contractual language provided and explained at length by National PTA. This failure to establish likelihood of success on the merits is fatal to Maryland PTA's argument. However, Maryland PTA has also failed to establish to any degree of evidentiary certainty that it is likely to suffer irreparable harm in the absence of an injunction, that the balance of equities tips in its favor, and that an injunction is in the public interest. In contrast, National PTA (which does not bear a burden of persuasion in the entry or dissolution of injunctive relief) has established that these factors favor National PTA. National PTA supported its position with clear argument and by producing supporting evidence. And again, **any factor that Maryland PTA fails to establish is fatal to its request for injunctive relief.**

When provided the opportunity to argue in favor of injunctive relief, Maryland PTA failed to address the numerous arguments and many facts offered by National PTA in favor of dissolving the TRO. Maryland PTA produced only one argument expressly in favor of maintaining injunctive relief. Immediately after citing United States Supreme Court case law stating that a removed TRO is governed by federal law from the time of removal, Maryland PTA argued that "the legitimacy of the TRO in this case cannot be judged using the federal standard. The federal statute requires this Court to accept the TRO as properly issued under State law prior to the removal." Response

at 3. Maryland PTA did not argue any reasons the State Court's decision was correct, merely that this Court must accept the State Court's decision as proper and apparently continue its order indefinitely on that basis.

Maryland PTA's argument appears to result from a misunderstanding of the standard of review. As explained in National PTA's Motion, when a case is removed to federal court, existing orders (such as TROs) continue as described in the state court orders. However, the federal court must then rule on any motions to modify or dissolve existing orders using the Federal Rules of Civil Procedure, which control in cases removed based on diversity jurisdiction. Because an applicable rule governs preliminary injunctive relief, the federal court must rule on motions to modify or dissolve an order for injunctive relief using the federal rule and case law that interprets it. The federal court is *not* reviewing the state court's action using federal law, it is using federal rules of procedure to determine the outcome of a motion filed in federal court. Thus, the question before the Court is not whether the State Court was correct, but whether an injunction can be maintained under federal law. In the absence of any substantive argument in favor of injunctive relief, National PTA's Motion must be granted.

National PTA notes two persistent arguments across Maryland PTA's motions practice in this matter, including the Response to National PTA's Motion. First, Maryland PTA states in its Background section that National PTA, "with notice that Plaintiff was represented" by counsel, corresponded with members of Maryland PTA's Board of Directors, "insinuating punitive measures if they failed to comply with Defendant's requests." Response at 2. There is, of course, no rule against communication between parties to a case. Although a lawyer may not contact a party known to be represented by counsel without said counsel's permission, that is not what Maryland PTA claims has occurred here. Members of National PTA's organization were (and still

are) free to contact members of Maryland PTA's organization and *vice versa*. Additionally, there have not only been suggestions of punitive measures, but express statements that punitive measures will be implemented if Maryland PTA refuses to comply with its contractual obligations. National PTA has been very clear since March 2020 that punitive measures will result if Maryland PTA does not comply with its contractual obligations. Whatever Maryland PTA intends to imply, National PTA's actions have been appropriate throughout the disciplinary process.

Second, Maryland PTA argues that "it is patently bad faith for Defendant to now argue that the TRO was not issued in accordance with federal law." *Id.* Although this accusation appears to stem from a misunderstanding of the standard of review, as explained *supra*, National PTA notes that Maryland PTA has accused National PTA of filing bad-faith arguments in each of its argumentative filings in this matter to date. Filing a motion in bad faith is a serious breach of the Federal Rules of Civil Procedure (as well as applicable ethical rules) which can subject attorneys and parties to severe sanctions. F.R.Civ.P. 11. Violation of Rule 11 is a serious accusation which should not be made as a matter of course and which undersigned counsel takes seriously. It is particularly inappropriate in the context of this Motion. National PTA has filed a Motion supported by 13 pages of reasoned legal argument based on documented facts and applicable case law. In response, Maryland PTA has produced three pages of apparently self-contradicting argument. Maryland PTA's filing fails to address either the state law Maryland PTA purports to rely upon or the federal law which controls the issue and was briefed in National PTA's Motion. Plainly, there is no merit to this repeated, spurious claim that National PTA has made arguments in bad faith.

## **CONCLUSION**

As evidenced by the lack of substantive argument in its Response to the Motion to Dissolve Temporary Restraining Order, Plaintiff Maryland PTA cannot satisfy the requirements to maintain

a TRO (or any other injunctive relief) under Federal Rule of Civil Procedure 65. It is highly unlikely to succeed in its claims, one of which is impermissible under Maryland law and the other of which is inadequately supported even in the current procedural posture. It has failed to demonstrate likely irreparable harm and is unsupported by the balance of equities, and awarding it "extraordinary" injunctive relief is contrary to the public interest. It has not even offered *argument* in its favor on the merits of an injunction, and failure to *establish* any one of the four factors is dispositive of injunctive relief. The Court must dissolve the TRO so that National PTA can govern its affiliate's use of the PTA brand in accordance with the contract between them pending resolution of Maryland PTA's claims.

Respectfully submitted,

*/s/Eric M. Rigatuso*
Eric M. Rigatuso (Bar No. 27605)
ECCLESTON & WOLF, P.C.
Baltimore-Washington Law Center
7240 Parkway Drive, 4th Floor
Hanover, MD 21076-1378
(410) 752-7474 (phone)
(410) 752-0611 (fax)
E-mail: rigatuso@ewmd.com
*Attorney for Defendant*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 27th day of October, 2020, copies of the foregoing Defendant's Reply to Plaintiff's Opposition to Motion to Dissolve Temporary Restraining Order were served via the Court's electronic filing system on:

>Charles Tucker, Jr.
>TUCKER MOORE LAW GROUP
>8181 Professional Place, Suite 207
>Hyattsville, MD 20785
>301-577-1175
>charles@tuckerlawgroupll.com
>*Attorney for Plaintiff*

>*/s/Eric M. Rigatuso*
>Eric M. Rigatuso (Bar No. 27605)